**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000701**
**19-JAN-2017**
**10:22 AM**

NO. CAAP-14-0000701

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


DAVID BROWN, Plaintiff-Appellant,
v.
STATE OF HAWAI‘I and MELANIE CHINEN,
Defendants-Appellees,
and
BOB AWANA and ASHLEY CHINEN,
and DOES 1-25, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1193)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

     This appeal arises out of an employment dispute in
which the employee alleges protection under the Hawai‘i
Whistleblowers Protection Act ("Act"), Hawaii Revised Statutes
section 378-62 (Supp. 2005).[1/]  Plaintiff-Appellant David Brown

---

[1/]     The Act provides in relevant part that:

          An employer shall not discharge, threaten, or otherwise
     discriminate against an employee regarding the employee's
     compensation, terms, conditions, location, or privileges of
     employment because:

          (1)     The employee, or a person acting on behalf of the
                  employee, reports or is about to report to the
                  employer, or reports or is about to report to a
                  public body, verbally or in writing, a violation
                  or a suspected violation of:

                  (A)     A law, rule, ordinance, or regulation,
                          adopted pursuant to law of this State, a
                          political subdivision of this State, or the
                          United States; or

appeals from the February 27, 2014 Final Judgment entered by the Circuit Court of the First Circuit ("Circuit Court")[2/] in favor of Defendants-Appellees State of Hawai'i and Melanie Chinen ("Chinen"), former Administrator of the State Historic Preservation Division ("SHPD") (collectively known as the "Appellees"); and Defendants Bob Awana and Ashley Chinen.

On appeal, Brown alleges that the Circuit Court erred when it (1) concluded that Chinen's testimony was more credible than Brown's testimony; (2) concluded that Brown failed to make a prima facie case for whistleblowing; (3) considered the hearsay testimony of Brown's coworkers; and (4) did not consider Brown's March 12, 2013, motion to strike the State's proposed findings of fact ("FOFs") and conclusions of law ("COLs").[3/]

---

> (B) A contract executed by the State, a political subdivision of the State, or the United States,
>
> unless the employee knows that the report is false[.]

Haw. Rev. Stat. § 378-62(1).

[2/]     The Honorable Karl Sakamoto presided.

[3/]     Brown's points of error have been rewritten for clarity and organization, but appear in his opening brief as follows:

1.     In [FOF & COL] ¶¶5-8, 11-30, 46, the lower court erred by concluding that Chinen was a credible witness when she should have been considered a false witness. The lower court should have relied on the testimony of Brown, not on Chinen who was caught in at least 12 lies;

2.     In [FOF & COL] ¶¶43-45, 63, the lower court in error concluded that Plaintiff did not report a violation of law;

3.     In [FOF & COL] ¶¶47, 64-66, the lower court erred, when quoting Chinen's accusations against Brown as evidence of his poor performance when in reality, those accusations were fabricated. Furthermore, these fabricated accusations were part of the retaliation against Brown;

4.     In [FOF & COL] ¶¶9, 25-27, the lower court erred when considering deposition testimony that lacked foundation as more credible than the direct testimony of Brown and others. Furthermore, the treatment of this deposition testimony was biased and incomplete because deposition testimony was taken out of context and without proper foundation.

5.     In [FOF & COL] ¶¶24, 32, the lower court erred in including hearsay evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties,[4] as well as the relevant statutory and case law, we resolve Brown's appeal as follows and affirm.

(1 & 2) Brown essentially asserts that the Circuit Court erred in finding that Chinen's testimony was more credible than his own and in concluding, based on this credibility determination, that he failed to make a prima facie case for whistleblowing. Brown cites to no legal authority to support his contentions, and we conclude that Brown's first and second points of error are without merit.

The "at-will" employment doctrine "recognizes an employer's right to discharge 'for good cause, for no cause or even for cause morally wrong[.]'" *Shoppe v. Gucci Am., Inc.*, 94 Hawai'i 368, 382-83, 14 P.3d 1049, 1063-64 (2000) (quoting *Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 374-75, 652 P.2d 625, 628 (1982)). "[I]n the absence of a written employment agreement, a collective bargaining agreement, or a statutorily-conferred right, employment is at-will." *Id.* at 383, 14 P.3d at 1064. Accordingly, at-will employment is generally "terminable at the will of either party, for any reason or no reason at all." *Id.* (quoting *Best Place, Inc. v. Penn Am. Ins. Co.*, 82 Hawai'i 120, 124 n.5, 920 P.2d 334, 357 n.5 (1996)).

---

6. The lower court erred in not considering Brown's motion dated March 12, 2013 and attached as Exhibit B in Plaintiff's notice.

[4] Brown's opening brief violates Hawai'i Rules of Appellate Procedure ("HRAP") Rule 28 in several respects, including his appending exhibits 59, 98, 105, and 160 when those exhibits were not entered into evidence or made a part of the record on appeal (HRAP Rule 28(b)(10)), his failure to identify where in the record any alleged errors are objected to (HRAP Rule 28(b)(4)(iii)), his failure to offer any legal authority in support of several of his points of error or in support of numerous contentions made throughout the brief, and the fact that his arguments appear at times untethered to his points of error (HRAP Rule 28(b)(7)). Furthermore, the brief violates HRAP 32(b) when all footnotes are reduced in size. Nevertheless, noncompliance with Rule 28 does not always result in dismissal of the claims and "[t]his court . . . has consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" *Morgan v. Planning Dep't*, 104 Hawai'i 173, 180-81, 86 P.3d 982, 989-90 (2004 (quoting *O'Connor v. Diocese of Honolulu*, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994)). Therefore, we proceed to address Brown's points and arguments to the extent that we are able.

Chinen hired Brown to be the SHPD Archaeological Branch Chief. The branch chief was an "exempt" position, which was "temporary [in] nature and renewable on an annual basis." Specifically, Brown's contract stated that his employment was "not to exceed" June 30, 2006. Therefore, Brown was an "at-will" employee. *See id.*

However, there are public policy exceptions to the general rule. *Id.* at 384, 14 P.3d at 1065 ("[W]here the 'discharge of an employee violates a clear mandate of public policy[,]' his or her 'employer [should] be . . . liable in tort.'" (quoting *Parnar*, 65 Haw. at 380, 652 P.2d at 631.)). The Act is a public policy exception to the at-will doctrine. *See Smith v. Chaney Brooks Realty, Inc.*, 10 Haw. App. 250, 256-57, 865 P.2d 170, 173-74 (App. 1994) (determining that "an employer's generally unlimited right to discharge an at will employee does not extend to a termination that conflicts with state public policy[,]" for example, "performing an important public obligation, such as jury duty, whistle blowing, or refusing to violate a professional code of ethics[.]").

In order to prevail under the Act, Brown must demonstrate a "causal connection" between the non-renewal of his contract and his alleged whistleblowing. *Crosby v. State Dep't of Budget & Fin.*, 76 Hawai'i 332, 342, 876 P.2d 1300, 1310 (1994). Brown has the burden of showing that his conduct was protected and a "substantial or motivating factor" in his non-renewal. *Id.*

Brown contests FOFs 43-45, and COL 63, and alleges that he "told Chinen that the policies and procedures concerning Dowsett Heights, SuperFerry, Wal-Mart, General Growth Properties, and Kaloko Heights [projects] were in violation of State law, Federal laws, and the standards that govern the profession of archaeology." Brown additionally challenges FOFs 5-9, 11-30, 25-27, 46, 47, and 64-66, contending that the court erroneously evaluated the credibility of various witnesses, and specifically that his testimony should have been credited over Chinen's. Further, Brown asserts that "Chinen removed [him] from projects, . . . those projects ended with violations of laws, and then [he]

4

was terminated based on falsified evidence[,]" thus proving that "Chinen HEARD Brown 'blow the whistle'." (Emphasis in original.)

Brown's contentions are based on the testimony that he offered to the Circuit Court, which he now asks us to credit over Chinen's testimony to the contrary. Brown does not demonstrate that the Circuit Court clearly erred in its implicit finding that Chinen's testimony—that Brown did not inform her of violations of the law—was more believable than Brown's.

The appellate court does not pass upon the trial court's decisions with regard to the credibility of witnesses or the weight of the evidence. "It is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact; the judge may accept or reject any witness's testimony in whole or in part." *Porter v. Au*, 116 Hawaiʻi 42, 59-60, 169 P.3d 994, 1011-12 (App. 2007) (quoting *State v. Eastman*, 81 Hawaiʻi 131, 139, 913 P.2d 57, 65 (1996)). FOFs 43 and 44 are not clearly erroneous because they are supported by the Circuit Court's reference to Chinen's testimony, which the Circuit Court implicitly found credible. FOF 45 is not clearly erroneous because Brown fails to cite to any contradictory evidence other than his own testimony, which the Circuit Court has already implicitly found was not believable, to support his claim. Finally, COL 63, which we review as presenting a mixed question of fact and law, is not clearly erroneous for the same reasons that FOFs 43-45 are not clearly erroneous.

Brown's challenge to FOFs 5-8, 11-30, and 46 on the basis that he should have been found to be more credible than Chinen, his challenge to FOF 47 and COLs 64-66 on the basis that Chinen's accusations were fabricated, and his challenge to FOFs 9 and 25-27 on the basis that the witnesses' deposition testimony was less credible than the direct testimony of Brown and others, suffer the same fate. *See* n.3, *supra* (POE 1, 3, and 4). Brown relies on summaries of trial testimony to support his challenges, but provides no legal argument. Each of the challenged FOFs refer to corresponding testimony and are supported by substantial evidence. Additionally, the challenged COLs, which present mixed questions of fact and law, are also supported in their factual

5

underpinnings.  Consequently, none of them are clearly erroneous.

In sum, the Circuit Court, in light of its credibility determination and factual findings, did not err in concluding that Brown did not establish a prima facie case of a violation under the Act because Brown did not demonstrate that he reported or threatened to report a violation of a law, rule, ordinance, or regulation.  *See Shoppe*, 94 Hawai'i at 378, 14 P.3d at 1059 (stating that under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the plaintiff must establish the elements of a prima facie case by a preponderance of the evidence).

(3) Brown contends that the Circuit Court erred in considering hearsay evidence as part of FOFs 24 and 32.[5/]  FOFs

_____

[5/]    Although not addressed in his points of error, Brown argues that FOFs 39 and 46 should be stricken because they, too, include inadmissible hearsay relating to comments allegedly made by Department of Land and Natural Resources ("DLNR") Chair Peter Young and Deputy Attorney General Vince Kanemoto, respectively.  Brown fails to identify where in the record he objected to the receipt of testimony of or about Young or Kanemoto and, more importantly, provides no legal argument in support of his contention.  Accordingly, Brown's argument with regard to FOFs 39 and 46 is waived on appeal and will not be considered further.  *See Kakinami v. Kakinami*, 127 Hawai'i 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012).

Furthermore, and without reference to any FOFs, COLs, or any of his points of error, Brown contends that testimony from Nancy McMahon, a Kauai archeologist, and Mary Ann Maigret, a Big Island archeologist, must be stricken "to the extent it involves inadmissible hearsay."  After advancing the contention, Brown fails to identify any particular testimony and offers no argument explaining how it amounts to hearsay or whether it had been objected to at trial.  Again, then, the argument is waived and will not be considered further.

Brown also contends, without identifying the issue as a point of error, that no foundation was laid as to either McMahon or Maigret's knowledge of Brown's job responsibility, that their testimonies were irrelevant to proving that Brown was removed for performance, and that the testimonies must be stricken "in that [they] attempt[] to offer expert opinion."  Brown does not identify a particular FOF or COL that was supported by the McMahon or Maigret testimony.  Even if we assume that Brown's argument relates to FOF 25-29 and COL 64, which he has contested, the testimonies in question do not appear to require any familiarity with Brown's job responsibilities in order to allow the Circuit Court to make the findings it made or to reach the conclusion that it reached, nor do they appear to offer expert opinion, and Brown does not explain how they do.  Furthermore, while not relevant to the Appellees' position that as an at-will employee, Brown could be discharged and was not renewed for no reason whatsoever, the testimony did relate to the alternative argument which the Circuit Court apparently found persuasive, that Appellees' decision was not pretextual in light of Brown's performance.

Finally, and again unrelated to any of his points of error, Brown contends that the Circuit Court erred in "denying testimony to impeach McMahon and Maigret."  Brown makes no evident argument with regard to Maigret, and so the contention is waived and will not be considered further.  With regard to impeaching McMahon, Brown explains that the Circuit Court did not permit Brown

24 and 32 state that:

> 24.  On June 8, 2006, the Branch Chief for Architecture Susan Tasaki complained in writing to CHINEN that BROWN intimidated her.  The subject of her complaint was entitled "Harassment by co-worker."  (Ex. A-14.)
>
> 32.  Piilani Chang ("CHANG") worked at SHPD at the same time that BROWN did.  CHANG had heard of one or two occasions where some people in the Hawaiian community were offended by remarks BROWN had made.  (Day 2 Trial Tr. 86:25-87:4.)

In support of his contention, Brown contends that "any testimony by Susan Tasaki must be stricken to the degree it includes inadmissible hearsay."  Brown provides no legal support for any of his hearsay assertions.

It is well established that this jurisdiction generally "prohibits an appellant from complaining for the first time on appeal of error to which he has acquiesced or to which he failed to object."  *Price v. AIG Hawai'i Ins. Co.*, 107 Hawai'i 106, 111, 111 P.3d 1, 6 (2005) (quoting *Okuhara v. Broida*, 51 Haw. 253, 255, 456 P.2d 228, 230 (1969)); *see also* Haw. Rev. Stat. § 641-2 (Supp. 2011).

In this case, with regard to Tasaki and Chang, Brown fails to state in his opening brief where in the record the alleged hearsay errors were objected to.  With regard to Chang, Brown's counsel appears to have made no objection to Chang's statements during trial.  In fact, the transcript shows that it was Brown who asked Chang the question which solicited the answer to which he now objects.  Accordingly, Brown's contention as to Chang is waived.  *Price*, 107 Hawai'i at 111, 111 P.3d at 6.

With regard to Tasaki, Brown clarifies the location of his objection in the record in his reply brief.  However, HRAP Rule 28(b)(4)(iii) requires that Brown provide *in the opening*

---

to question Pua Aiu about McMahon's credibility, but said that Brown could recall the witness to raise impeachment at the proper time.  Because Appellees never called McMahon as a witness at trial, but instead introduced her testimony via deposition, Brown contends that he was denied the opportunity to impeach.  Brown further explains that he subpoenaed DLNR Chair Laura Thielen to testify about McMahon, but "since Defendant State never called McMahon, Plaintiff never called Thielen or attempted to ask Aiu or [Deputy Attorney General Jim Halvorson] at trial."  Brown does not contend and certainly does not demonstrate that he made any effort to introduce impeachment testimony "at the proper time" as the court had indicated it would allow, and thus does not demonstrate that the Circuit Court refused to allow the introduction of other witness testimony to impeach McMahon.

*brief* "where in the record the alleged error was objected to," Haw. R. App. P. 28(b)(4)(iii), and, therefore, we may deem his hearsay contention to be waived. In any event, we conclude that Brown's contention with regard to Tasaki is without merit.

The State asked Chinen to read paragraph four of Exhibit A14, an email that Tasaki wrote to Chinen regarding Brown's behavior. Brown objected "insofar as its hearsay." The State clarified that the testimony was being offered to prove only that the issue had been brought to Chinen's attention "and involve[s] state of mind." With that, Brown withdrew his objection, adding "so long as that hearsay objection will continue to stand[,]" and the Circuit Court received the exhibit into evidence. Therefore, it is clear from the transcript that, not only did Brown withdraw his objection to Tasaki's email, but, under the circumstances, it was not hearsay at all.

(4) Finally, Brown contends that the Circuit Court erred in not considering his motion dated March 12, 2013. Brown, however, fails to include any argument in his opening brief regarding this point. Therefore, this point of error is waived on appeal. *See Kakinami*, 127 Hawaiʻi at 144 n.16, 276 P.3d at 713 n.16.

Based on the foregoing, the February 27, 2014 Final Judgment entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, January 19, 2017.

On the briefs:

Mark S. Beatty
for Plaintiff-Appellant.

Marissa H.I. Luning,
Deputy Solicitor General,
State of Hawaiʻi,
for Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge

8